UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:12-CV-22768-CIV-SEITZ/SIMONTON

MALIBU MEDIA, LLC,                )
                                  )
    Plaintiff,                    )
                                  )
v.                                )
                                  )
LEO PELIZZO,                      )
                                  )
    Defendant.                    )
_____)

### **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Leo Pelizzo ("Defendant"), by and through undersigned counsel and pursuant to Fed.R.Civ.P 12(b)(6), hereby moves to dismiss Malibu Media, LLC's ("Plaintiff's") Complaint in its entirety. In support thereof, Defendant states as follows:

**I.    INTRODUCTION.**

Plaintiff's Complaint alleges that Plaintiff's materials were reproduced and distributed through a series of BitTorrent transactions conducted using a computer accessing an Internet Protocol ("IP") address assigned to the Defendant. These claims hinge upon Plaintiff's speculative conclusion that "[a]s the subscriber of the Internet service being used to distribute Plaintiff's copyrighted movies, Defendant is the *most likely* infringer." [Complaint ¶23]. This conclusion is prefaced exclusively on a boilerplate declaration executed by the employee of "a company organized and existing under the laws of Germany." [Complaint, Exhibit C at ¶4] (hereinafter "the Feiser Declaration".) The Feiser Declaration, however, provides no information or details whatsoever as to how Plaintiff concluded that Defendant is the "subscriber of the Internet Service." In fact, neither the Feiser Declaration nor Plaintiff's Complaint indicate that *any* Internet Service Provider was ever contacted prior to the Plaintiff's decision to file a highly

embarrassing lawsuit against a 61-year old, married man who resides and works in Venezuela. See Affidavit of Leo Pelizzo (hereinafter "Pelizzo Affidavit") ¶¶ 3 and 16. This is particularly unnerving as the IP address associated with Defendant's internet account does not, in fact, match the IP address specified in Plaintiff's Complaint. Compare Pelizzo Affidavit at ¶17 and corresponding Exhibit B with [Complaint, Exhibit B]. As discussed below, dismissal of this action is warranted as Plaintiff's allegations fail to include any factual basis connecting the Defendant with the IP address at issue and, therefore, do not state a plausible claim for relief against Defendant. See, e.g., Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011)(noting that "[s]tating a plausible claim for relief requires pleading 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . and requires 'more than a sheer possibility that a defendant has acted unlawfully.'")

## II.  LEGAL STANDARD.

A complaint may be dismissed for failure to state a claim if the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory. See, e.g., Aruanno v. Martin County Sheriff, 343 Fed.Appx. 535, 536 (11th Cir. 2009) (stating that dismissal is warranted under Rule 12(b)(6) when a plaintiff "makes clearly baseless allegations or relies on legal theories that are indisputably meritless.") Generally, a court must accept the plaintiff's allegations as true and construe the complaint in the light most favorable to the plaintiff. See, e.g., United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999). However, if allegations are more conclusory than factual, then the court does not have to assume their truth. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)(noting that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that a complaint providing "labels and conclusions" cannot survive a Rule 12(b)(6) motion to dismiss); Mamani,

2

654 F.3d at 1153 (stating that "[l]egal conclusions without adequate factual support are entitled to no assumption of truth.")  While Rule 8's pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Consequently, to survive a motion for dismissal, a "complaint's allegations must plausibly suggest that the plaintiff has a right to relief [and raise] the possibility above a 'speculative level'." James River Ins. Co. v. Ground Down Engineering Inc., 540 F.3d 1270, 1274 (11th Cir. 2008); Mamani, 654 F.3d at 1153 (noting that "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'")

### III.   ARGUMENT.

#### *A.  Background.*

Determining whether a complaint states a plausible claim is a context-specific inquiry requiring a court to draw on its experience and common sense. Twombly, 550 U.S. at 556. Recent decisions have expressed strong concerns about the coercive nature of copyright claims prefaced upon purported rights in pornographic films.  Specifically, the shame associated with merely being named as a defendant in such actions "gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading [pornography]."  Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239 at 242 (S.D.N.Y. 2012). Accordingly, courts are increasingly refusing to "facilitate such coercive settlements by casting such an unnecessarily wide net [around defendants.]" See, e.g., Next Phase Distrib., Inc. v. Does 1-27, 2012 U.S. Dist. LEXIS 107648 at *4 (S.D.N.Y. July 31, 2012); (also questioning the use of judicial resources to promote the creation pornographic material); see also Liberty Media

3

Holdings, LLC v. Swarm Sharing Hash File and Does 1-38, 821 F. Supp. 2d 444, 447 n.2 (D. Mass. 2011)(noting that it is "unsettled in many circuits, whether pornography is in fact entitled to protection against copyright infringement.")

Further, even in cases where an IP Address has been correctly traced to an individual, courts have acknowledged the disconnect between establishing the subscriber of an IP Address and the identify of a copyright infringer. See Digital Sin, Inc., 279 F.R.D. at 242 ("Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material.") This is especially so given the widespread use of wireless internet routers. See VPR Internationale v. Does 1-1017, 2011 U.S. Dist. LEXIS 64656 (C.D. Ill. Apr. 29, 2011) (noting that "[t]he infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.") As the Plaintiff's Complaint includes no allegation that any ISP has traced the IP Address at issue to the Defendant, the plausibility of Defendant's alleged connection to the infringing acts is even more attenuated here.

Plaintiff's failure to include any factual support for its allegations appears to be part of a calculated strategy to expend the minimum effort needed to shame an individual into paying out a settlement. This is particularly disconcerting as the Defendant is a 61 year old, married man who, as it turns out, was in Venezuela from January 8, 2012 to August 20, 2012. See Pelizzo Affidavit, ¶5 and corresponding Exhibit. To emphasize, Plaintiff's Complaint alleges that the IP Address at issue was traced to a physical address in Miami, Florida and that the infringing acts occurred between January 3, 2012 and May 29, 2012. See Exhibit B to Complaint. Thus, the Defendant was abroad for all but a few days of this relevant time period. Further, the "physical address" referenced in the Complaint is a 700-unit building with a condominium association that handles all communications with and payments to Internet Service Providers on behalf of

4

individual unit owners. See Pelizzo Affidavit, ¶¶6, 7-12. Plaintiff's Complaint, however, provides no information whatsoever clarifying how Defendant's unit was specifically associated with the IP address at issue. Given the haphazard nature of Plaintiff's allegations, it should come as no surprise that the IP Address identified in Plaintiff's Complaint <u>is not</u>, in fact, the Defendant's IP Address. Pelizzo Affidavit ¶17.

### *B. Plaintiff's Failure to Properly State a Claim Against Defendant*

Dismissal of this action is warranted as Plaintiff has failed to plead any factual content allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>See</u> <u>Mamani</u>, 654 F.3d at 1153 (noting that "this obligation requires 'more than a sheer possibility that a defendant has acted unlawfully.'") Specifically, Plaintiff's Complaint consists of a series of conclusory statements arranged to support the already speculative conclusion that "Defendant is the most likely infringer." [Complaint ¶23.] As noted above, these claims find sole support in a boilerplate declaration that does not specifically identify the Defendant, the Defendant's Internet Service Provider ("ISP"), or even the IP address at issue. While it generally describes the procedure for matching an IP address with an individual, the Feiser Declaration includes no assertion that such steps were taken in this matter. <u>See</u> Feiser Declaration at ¶22. For example, despite acknowledging that "ISPs keep track of the IP addresses assigned to their subscribers", the Feiser Declaration does not state that any ISP was ever contacted regarding this matter. In short, the Feiser Declaration provides no basis whatsoever to support the Plaintiff's conclusion that Defendant is the "subscriber of the IP address" used in connection with committing the allegedly infringing acts.

The allegations within Plaintiff's Complaint are equally vague. While Plaintiff alleges that the IP address at issue "was traced to a physical address located within this District", the only physical address that the Defendant has occupied within this district is an investment

5

property located in a condominium building that "consists of nearly 700 total units." See Pelizzo Affidavit at ¶¶7, 8, and 14.  As noted above, if Plaintiff had bothered to investigate the facts before filing suit based on the unsupported conclusion that "Defendant is the most likely infringer", it would have learned that Defendant Leo Pelizzo was in Venezuela from January 8, 2012 to August 20, 2012 and, therefore, was out of the country for the *vast* majority of the time period that the alleged infringement occurred. See Pelizzo Affidavit, ¶5.  Plaintiff would also have discovered that Leo Pelizzo is a 61 year old, married man who, prior to the filing of this lawsuit, had never used or even heard of "BitTorrent".  See Pelizzo Affidavit, ¶6 and 12.

In fact, the "physical address" apparently referenced in Plaintiff's Complaint is the 700-unit Quantum On The Bay Condo North.  See Pelizzo Affidavit, ¶6.  This building's condominium association ("the Association") handles all communications with and payments to Internet Service Providers on behalf of each unit and it is the Association, and not the Defendant, that subscribes to the Internet Service on behalf of unit owners.  See Pelizzo Affidavit, ¶¶6, 7-12. Thus, any such investigation by the Plaintiff would have revealed what Defendant was able to discern after contacting the internet service provider referenced in Plaintiff's Complaint, namely, that Defendant's IP address does not match the IP address specified in Plaintiff's Complaint. See Pelizzo Affidavit ¶17 and corresponding Exhibit B.  Given the foregoing, dismissal under Rule 12(b)(6) is appropriate, as Plaintiff's key allegations are conclusory and fail to plausibly suggest that the Plaintiff has a right to relief.

## IV. **CONCLUSION**.

As discussed above, Plaintiff has failed to provide any factual basis permitting this Court to draw the reasonable inference that Defendant is liable for the allegedly infringing acts.  For these reasons, Plaintiff's Complaint should be dismissed for failure to state a cause of action and for failure to state a claim upon which relief can be granted.  Defendant further requests that the

Court retain jurisdiction as to the issue of awarding attorneys fees and costs, including imposition of sanctions under Fed.R.Civ.P. 11 and other bases.

WHEREFORE, Defendant respectfully requests that the Court grant the instant motion and such other and further relief as is just and proper.

Respectfully submitted,

Dated: September 20, 2012
Miami, Florida

By: s/Francisco J. Ferreiro
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Francisco J. Ferreiro
Florida Bar No. 37,464
fferreiro@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone (305) 858-8000
Facsimile (305) 858-0008

Attorneys for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/ Francisco J. Ferreiro
Francisco J. Ferreiro
Florida Bar No. 37,464

## SERVICE LIST

### Case No. 1:12-CV-22768-CIV-SEITZ/SIMONTON

M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229

*Counsel for Plaintiff*
Notices of Electronic Filing
Generated by CM/ECF