UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:12-CV-22768

MALIBU MEDIA, LLC,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
LEO PELIZZO,　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　　　　　)
_____)

## AFFIDAVIT OF LEO PELIZZO

STATE OF FLORIDA　　　　　　　)
　　　　　　　　　　　　　　　:ss
COUNTY OF MIAMI-DADE　　　　 )

BEFORE ME, personally appears Leo Pelizzo who, being duly sworn, deposes and says:

1. I am over the age of 18 and am otherwise competent to make this declaration.

2. This Declaration is based upon my personal knowledge and, if called up to do so, I will testify that the facts herein are true and accurate.

3. I am a citizen of Venezuela. I also reside and work in Venezuela.

4. Plaintiff has alleged that between the dates of January 3, 2012- May 17, 2012 I used BitTorrent to download and share several films.

5. As reflected in my Venezuelan Passport documentation, I departed the United States for Venezuela on the evening of January 8th, 2012, arrived in Venezuela on January 9th and and did not return to the United States until August 20, 2012. See Exhibit A.

1

Accordingly, I was out of the country for the majority of the time period specified in Plaintiff's Complaint.

6. I have never used the BitTorrent protocol, or any other mechanism, to download any films owned by the Plaintiff. In fact, I was unaware of what the BitTorrent protocol was until after learning of this action and seeking to understand the nature of the Plaintiff's allegations.

7. On or around March 1, 2010, I purchased a unit at the Quantum On The Bay Condo North, located at 1900 North Bayshore Drive, Miami, Florida 33132.

8. This unit is an investment property, is occupied solely during vacation periods, and is not my permanent residence.

9. The Quantum On The Bay Condo North condominium association ("the Association") imposes an assessment of $1,126.33 on my unit each month, which includes all internet services fees for my unit.

10. To the best of my recollection, the internet connection and account for my unit was already in place when I purchased my unit. Upon purchasing the unit, I purchased a wireless router which I plugged into the internet connection.

11. Apart from an initial call to activate the internet service, I have had no contact with the Internet Service Provider (Hotwire).

12. It is my understanding that the Association handles all communications with and payments made to the Internet Service Provider. I was never provided with any instructions regarding how to secure my router or other internet devices.

13. If, in fact, the IP address associated with the internet services provided to my unit by the Condo Association was utilized to download the plaintiff's film, the address must have been accessed by an unknown party.

14. The Quantum On The Bay Condo consists of nearly 700 total units and is located in a densely populated area.

15. To be clear, my understanding of the allegations in the Complaint is that I downloaded the Plaintiff's films via the internet service for my Quantum on the Bay Condo North unit on the stated dates. However, (a) I have never engaged in such activity; (b) I was out of the country during the overwhelming majority of that the time that the alleged conduct was ongoing; (c) I did not remotely access such internet service from outside of the United States and do not even know if such access is possible; and (d) no other person had access to my condominium unit while I was outside of the United States, except perhaps maintenance personnel for the Association.

16. The nature of the Plaintiff's films runs contrary to my own moral, ethical, and personal views. I am 61 years of age, married, and do not download pornographic films. Accordingly, having my name and personal information associated with this action and these films has been embarrassing and damaging to my reputation.

17. Following receipt of the Complaint, several individuals suggested that I attempt to ascertain the IP Address associated with my internet connection. I contacted my Internet Service Provider and, after requesting this information, was told use my internet connection to visit the website located at "whatismyipaddress.com". This website revealed a different IP Address than the address listed in the Complaint. See Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

FURTHER DECLARANT SAYETH NAUGHT

_____
Leo Pelizzo

Dated: September 10, 2012

Sworn to and subscribed before me this _10th_ day of September, 2012, by _Leo Pelizzo_, ___ who is personally known to me OR _✓_ who produced identification of _Cedula de Identidad of Venezuela 2.747.455_

(Seal)

MARITZA CABELLO
MY COMMISSION # DD 929500
EXPIRES: November 1, 2013
Bonded Thru Notary Public Underwriters

_____
Notary Public (Signature)
_MARITZA CABELLO_
Name of Notary (printed)

My Commission Expires: _11-1-2013_

4

# EXHIBIT A


# EXHIBIT B

**Subject:**     FW: Fwd: General Inquiry

**From:** "Paola Petry" <ppetry@hotwirecommunication.com>
**To:** <leopelizzo@████████>
**Subject:** Fwd: General Inquiry

From the Internet browser please visit www.whatismyip.com.

This website should tell you the ip address.

Paola

Begin forwarded message:

> **From:** Website Inquiry <webmaster@hotwiremail.com>
> **To:** ppetry@hotwiremail.com
> **Subject: General Inquiry**
> **Reply-To:** webmaster@hotwiremail.com
>
> From: Leo Pelizzo
> Email: leopelizzo@████████
> Phone: (305) ████████
> Property: Quantum on the Bay North
> Address: ████████████████████
> Miami FL 33132
> Subject: General Inquiry
> Comments: Dear Mrs,
> I would like to know what is my IP address.
> Kind regards,
> Leo Pelizzo

1


