UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No.: 1:12-cv-22768-PAS |
| v. | ) |
| LEO PELIZZO, | ) |
| Defendant | ) |

**SUMMARY OF THE EVIDENCE**

Plaintiff Malibu Media, LLC is a movie studio that expends significant resources producing adult entertainment content. Plaintiff suffers upwards of 60,000 unauthorized and illegal downloads per month on the internet. Despite daily monitoring of infringing activity and sending thousands of Digital Millennium Copyright Act ("DMCA") takedown notices a week, the infringement numbers do not change. In an effort to create a serious deterrent and at the same time be made whole for the losses it experiences daily, Plaintiff has decided to sue the most egregious internet infringers for downloading and distributing its movies via the BitTorrent protocol.

In this case, Plaintiff's investigator, IPP Limited, identified Defendant's IP address as a serial infringer of Plaintiff's copyrighted movies. On January 17, 2012 Plaintiff filed a Complaint in Equity through a Pure Bill of Discovery in the Eleventh Judicial Circuit of Miami Dade County seeking to subpoena Defendant's Internet Service Provider so that it may identify Defendant. On February 14, 2012 Plaintiff amended its Complaint. See Malibu Media, LLC et. al. v. John Does 1- 347, 12-01794 CA 13. After a hearing, the Honorable Judge Trawick granted Plaintiff's Motion. See Exhibit A. Plaintiff subpoenaed Hotwire Communications on February

1

20, 2012 seeking the subscriber information of the infringing IP Address. On April 5, 2012, Hotwire Communications responded and provided Plaintiff with Defendant's information. See Exhibit B.

To date, Plaintiff's investigator has recorded Defendant's IP Address uploading Plaintiff's movies through the BitTorrent protocol 398 times. See Exhibit C. This constant illegal distribution encompasses twenty movies. The infringement began on January 3, 2012 and has continued through as recently as September 18, 2012. The infringements include many of Plaintiff's recent movies, usually within just days of their release. As the infringer illegally downloads Plaintiff's movies, with complete disregard for Plaintiff's intellectual property rights, he allows it to seed to countless others. Given that the infringer has shared Plaintiff's movies with its investigator hundreds of times, one can only imagine the thousands of infringers he has reached. Plaintiff was faced with simply no option but to bring suit in order to prevent this undeniably egregious copyright infringement.

Upon receiving Defendant's identifying information from Hotwire Communications, Plaintiff tried contacting Defendant several times. Plaintiff tried calling the phone number provided by Hotwire for the Defendant five times. Each time the phone number was disconnected. Plaintiff further tried calling what it believed was Defendant's place of business and again could only reach a disconnected number. Indeed, Plaintiff tried to contact Defendant for nearly two months before bringing this suit.

At the time of filing this suit Plaintiff was unable to contact Defendant and was unaware of any of the evidence provided by Defendant in his motion, including the fact that an internet website listed him as having a different IP address. Plaintiff sought contact with Defendant's counsel to discuss the case before filing this response. Plaintiff believes it may be necessary to

subpoena Hotwire to verify the information that they provided. Defendant's counsel, however, did not answer Plaintiff's call or return its voicemail.

Dated: October 9, 2012

>Respectfully submitted,
>
>By: /s/ *M. Keith Lipscomb*
>M. Keith Lipscomb (429554)
>klipsomb@lebfirm.com
>LIPSCOMB EISENBERG & BAKER, PL
>2 South Biscayne Blvd.
>Penthouse 3800
>Miami, FL 33131
>Telephone: (786) 431-2228
>Facsimile:  (786) 431-2229
>*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

>By:  /s/ *M. Keith Lipscomb*