UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:12-CV-22768-CIV-SEITZ/SIMONTON

MALIBU MEDIA, LLC,                )
                                  )
    Plaintiff,               )
                                  )
v.                                )
                                  )
LEO PELIZZO,                      )
                                  )
    Defendant.               )
_____)

**OPPOSITION TO PLAINTIFF'S MOTION TO WITHDRAW AND STRIKE [DKT. #8]**

    Defendant, Leo Pelizzo ("Defendant"), by and through undersigned counsel and pursuant to Fed.R.Civ.P 12(b)(6), hereby opposes Malibu Media, LLC's ("Plaintiff's") Motion to Withdraw and Strike Plaintiff's Opposition to Motion to Dismiss. In support thereof, Defendant states as follows:

    **I. PLAINTIFF HAS WAIVED ANY CLAIM OF PRIVILEGE.**

    On October 8, 2012, Plaintiff's counsel contacted the undersigned to request consent to a one-week extension of time to file Plaintiff's Response to Defendant's Motion to Dismiss. As Plaintiff's request was not prefaced on a desire to discuss settlement, Defendant declined -- given the circumstances surrounding the filing of this action – to provide the requested consent. Plaintiff, thereafter, filed its Memorandum in Opposition to Defendant's Motion to Dismiss [DE #8] (hereinafter "Plaintiff's Response") with this Court on October 9, 2012, at 11:50 PM EDT.

    Plaintiff has now, six (6) days after the filing of its Response, Plaintiff moved to withdraw and strike the foregoing document on the basis that "[t]he paralegal who uploaded that memo attached the wrong document." By tersely describing the entire filing as "that memo", Plaintiff's Motion remains ambiguous as to which specific document(s) Plaintiff is characterizing as "privileged." Accordingly, it appears that Plaintiff is broadly contending that these documents, collectively, constitute "confidential proprietary attorney notes."

    The documents filed on October 9, 2012, however, consisted of (1) an argumentative "Summary of Evidence" setting forth the facts of this case and alleging that Defendant's

infringement continued through September 18, 2012; and (2) three accompanying Exhibits, at least one of which is a publicly available court document, and all of which are referenced in Plaintiff's revised Memorandum.  As such, it appears that Plaintiff's claim of privilege is directed, solely, to the Plaintiff's original Response.

This document contains no information, however, that could be reasonably assumed to constitute privileged and/or inadvertently disclosed information.  Rather, this document is simply a rudimentary version of the document that Plaintiff, having had six (6) additional days to prepare, now seeks to substitute as its *actual* Response.  As it contains no information that could be reasonably be interpreted as having been inadvertently disclosed, however, this document should not fall within the scope of the *solitary* Rule upon which Plaintiff's Motion to Withdraw is prefaced.  See *Comments* to Florida Bar Rule 4-4.4(b) (observing that "[w]hether the lawyer is required to take additional steps, such as returning the original document, is a matter of law beyond the scope of these rules, as is the question of whether the privileged status of a document has been waived.")   In short, Plaintiff's Motion provides no information or basis supporting the contention (1) that any information that was privileged; and/or (2) that any privilege, even if once existing, should not be deemed waived by Plaintiff's actions.

## II. PLAINTIFF'S REVISED RESPONSE IS UNTIMELY

Plaintiff further contends that a revised "Memorandum in Opposition", attached as Exhibit A to Plaintiff's Motion to Withdraw, should be substituted as Plaintiff's *actual* Response.  See [DE#9].  Even if Plaintiff's original Response were deemed privileged, however, Plaintiff should not be permitted to substitute a revised Response, one week after the original filing deadline, based on a paralegal's "error."

Specifically, Plaintiff's original Response, which was filed ten minutes before Plaintiff's deadline lapsed, bears (1) the caption of this case; (2) opposing counsel's e-signature, signature block, and certificate of service; (3) refers to the parties formally as Plaintiff and Defendant; and (4) includes the correct date of filing.  Accordingly, in substance, the document hardly resembles "confidential proprietary attorney notes."  More importantly, Federal Rule of Civil Procedure Rule 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name."   Thus, opposing counsel's electronic signature – which appears twice on Plaintiff's original Response – had "the same force and effect as an original signature." See S.D. Fl.  CM/ECF Rule 3J.  Further, prior to electronically filing this document, Plaintiff's counsel was required to verify that personal and private information

had been redacted in any documents to be filed.  See S.D. Fl. CM/ECF Rule 6(A)(providing that "[i]t is the sole responsibility of counsel and the parties to ensure the redaction of personal identifiers.")

Given the foregoing, there is little basis for allowing Plaintiff to cite a paralegal's error as the basis for accepting an untimely pleading.  In fact, such a result would undermine the largely unwritten rule that a lawyer is responsible for and expected to review pleadings before filing documents with the court.  For example, the first ABA Model Guideline for the Utilization of Paralegal Services states that "[a] lawyer is responsible for all of the professional actions of a paralegal performing services at the lawyer's direction, and should take reasonable measures to ensure that the paralegal's conduct is consistent with the lawyer's obligations under the rules of professional conduct of the jurisdiction in which the lawyer practices." This sentiment is mirrored by Rule 5.3 of the ABA Model Rule of Professional Conduct which provides that "a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer." See, e.g.,  In Florida Bar v. Nowacki, 697 So. 2d 828 (Fla. 1997) (finding that a lawyer had violated rule 4-5.1 by the "wholesale delegation of her caseload to a new associate.")  In light of these policy objectives, Defendant respectfully submits that there is no basis – even if Plaintiff's original Response ere deemed privileged – to accept Plaintiff's untimely, revised Response.

### III.     CONCLUSION.

As discussed above, Plaintiff provides (1) no basis for considering Plaintiff's originally filed documents privileged; (2) no reasons why such privilege, if existing, should not be deemed waived; and (3) no legitimate reason for accepting Plaintiff's revised, untimely Motion.  Accordingly, Defendant respectfully requests this Court (1) deny Plaintiff's Motion to Withdraw; and (2) strike Plaintiff's revised Response as untimely.  In the event this Court gives consideration to Plaintiff's original Response, it bears noting that Defendant previously submitted an affidavit verifying that Defendant's IP address did not, as of September 10th, match the IP address specified in Plaintiff's Complaint.  See [DE #7], Affidavit of Leo Pelizzo at Exhibit B.  Accordingly, Defendant submits that any claim of that the disputed IP Address continued to engage in infringing acts through September 19, 2012 would lend further support to Defendant's claim that the disputed IP address was incorrectly associated with Defendant.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 16, 2012<br>Miami, Florida | By: s/Francisco J. Ferreiro<br>John Cyril Malloy, III<br>Florida Bar No. 964,220<br>jcmalloy@malloylaw.com<br>Francisco J. Ferreiro<br>Florida Bar No. 37,464<br>fferreiro@malloylaw.com<br>MALLOY & MALLOY, P.A.<br>2800 S.W. Third Avenue<br>Miami, Florida  33129<br>Telephone (305) 858-8000<br>Facsimile (305) 858-0008<br><br>Attorneys for Defendants |

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

 s/ Francisco J. Ferreiro
   Francisco J. Ferreiro
   Florida Bar No. 37,464

5

## SERVICE LIST

### Case No. 1:12-CV-22768-CIV-SEITZ/SIMONTON

M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229


*Counsel for Plaintiff*
Notices of Electronic Filing
Generated by CM/ECF