UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No.: 1:12-cv-22768-PAS |
| v. | ) |
| LEO PELIZZO, | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

I.  INTRODUCTION

Defendant's Motion to Dismiss does not cite – *even one* – case for the proposition that Plaintiff did not state a claim. Ironically – without discussion or analysis – Defendant falsely accuses Plaintiff of conclusorily alleging facts. It is Defendant's argument that is both conclusory and demonstrably false. As cited below, Plaintiff's alleges specific facts about how and when Defendant infringed Plaintiff's copyrights.

Defendant's Motion is not a traditional 12(b)(6) motion, rather, it invites this Court to nullify the Copyright Act and as grounds sets forth a parade of *ad hominen* attacks. Defendant's premise is that anyone who sues for on-line infringement is engaging in unseemly behavior. It's ugly justice meted out by mean people, Defendant essentially argues. This argument ignores: (a) the massive amount of harm on-line infringement causes Plaintiff; (b) Defendant's IP Address was used to steal twenty (20) movies[1] and was caught distributing these movies three hundred and ninety eight (398) times; (c) Congress expressly contemplated and authorized suits like this one; (d) Plaintiff is enforcing its copyrights the only way possible; and (e) Plaintiff's

---

[1] Although Plaintiff's Complaint only lists 14 infringements, since preparing this Complaint the infringement has continued. *See* Exhibit C.

1

attempted to contact Defendant prior to filing suit, but was ignored. Thus, Plaintiff's only choice was to suffer serial infringement or sue.

Since Plaintiff plead a claim for copyright infringement, Defendant's Motion to Dismiss should be denied. Additionally, the Court should not be persuaded by the *ad hominen* attacks, and should refrain from accepting Defendant's invitation to nullify the Copyright Act, and invent additional pleadings requirements.

II.   FACTS

Plaintiff's investigator – IPP Limited – recorded the IP Address assigned to Defendant distributing twenty (20) of Plaintiff's movies a total of three hundred and ninety eight (398) different times. *See* Exhibit A. Each infringement occurred by using a popular peer-to-peer file sharing system called the BitTorrent. After a hearing, the Honorable Judge Trawick granted Plaintiff's motion to subpoena Defendant's internet service provider, Hotwire Communications, in a state court Pure Bill of Discovery proceeding, Miami-Dade Circuit Court Case No. 12-01794 CA 13. On April 5, 2012, Hotwire Communications responded to the subpoena by identifying Defendant as the subject subscriber. *See* Exhibit B. Thereafter, Plaintiff tried to contact Defendant to discuss this matter. Defendant did not respond. Now, Defense counsel refuses to take Plaintiff's call or return voice messages.

III.   ARGUMENT

1. Peer-to-Peer Copyright Infringement is Actionable

"To establish copyright infringement, [all that one must prove is] ownership of [a] valid copyright and copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Services, Co., Inc.,* 111 S.Ct. 1282, 1296 (1991); *McCaskill v. Ray*, 279 Fed. Appx. 913, 916 (11th Cir. 2008) (same). To deter on-line infringement, Congress enacted

the Digital Theft Deterrence Act of 1999, which increased the minimum and maximum of statutory damages awardable for copyright infringement:

> Many computer users are either ignorant that copyright laws apply to Internet activity, or they simply believe that they will not be caught or prosecuted . . . . Also, many infringers do not consider the current copyright infringement penalties a real threat . . . In light of this disturbing trend, it is manifest that Congress respond appropriately with updated penalties to dissuade such conduct. H.R. 1761 increases copyright penalties to have a significant deterrent effect on copyright infringement.

H.R. Rep. No. 106-216, at 3 (1999); the Act amended 17 U.S.C. § 504(c).

[T]he plain language of the statute (17 U.S.C. § 501) . . . renders those . . . who use or distribute a copyrighted worked [over the internet for non-commercial gain are] liable." *Sony BMG Music Entertainment* v. *Tenenbaum*, 660 F.3d 487 (1st Cir. 2011) (explicitly rejecting the argument that individual, private, consumer use does not constitute infringement.)  During her tenure as Register of Copyright, Mary Beth Peters explained the rights of copyright holders in peer-to-peer infringement actions in the context of pornographic works to the Senate Judiciary Committee: "[t]he law is unambiguous. Using peer-to-peer networks to copy or distribute copyrighted works without permission is infringement and copyright owners have every right to invoke the power of the courts to combat such activity.  Every court that has addressed the issue has agreed that this activity is infringement.[2]"  Ms. Peters explained that these types of suits are necessary to deter infringement:

> [F]or some users of peer-to-peer technology, even knowledge that what they are doing is illegal will not be a sufficient disincentive to engage in such conduct. But whether or not these infringers know or care that it is against the law, the knowledge that such conduct may lead to expensive and burdensome litigation and a potentially large judgment should have a healthy deterrent effect. While we would like to think that everyone obeys the law simply because it is the law and

---

[2] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary*, 108th Cong. (2003), *available at* http://www.copyright.gov/docs/regstat090903.html.

out of a sense of obligation, we also know that laws without penalties may be widely ignored. <u>For many people, the best form of education about copyright in the internet world is the threat of litigation.</u> In short, if you break the law, you should be prepared to accept the consequences.

Id. (Emphasis added.). The Copyright Registrar further added that "[c]opyright owners have every right to enforce their rights in court…against the person engaging in individual acts of infringement using such (peer-to-peer) services."

    2. <u>Legal Standard for a 12(b)(6) Motion to Dismiss</u>

When analyzing a Rule 12(b)(6) motion to dismiss, "the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." <u>Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention</u>, 623 F.3d 1371, 1379 (11th Cir. 2010). However, allegations pled as legal conclusions are not entitled to a presumption of truth. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-79 (2009). The complaint must present "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). And, it must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.*

    3. <u>Plaintiff Pled Defendant Used the BitTorrent Protocol to Infringe Plaintiff's Copyright</u>

Plaintiff plead a prima facie case of infringement. "Plaintiff is the owner of the Copyrights-in-Suit, each of which covers an original work of authorship." Complaint at ¶ 28. "Plaintiff's investigator, IPP Limited, established a direct TCP/IP connection with [Defendant's] IP address . . . ." Complaint at ¶ 16. "Each of the pieces of data distributed by Defendant to IPP Limited . . . is part of a computer file containing a copy of a movie covered by a Copyright-In-Suit . . . ." Complaint at ¶ 20 "[T]he infringement was verified by viewing the copy of the

4

movie . . .[with] the movie that was registered." *Id.* at 20. "Exhibit B sets forth . . . the hit dates . . . associated with . . . Defendant's infringing distributions . . . of computer files containing copies of the movies covered by the Copyrights-In-Suit." *Id.* at 22.  By using the BitTorrent protocol, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit. *Id.* at 29. Plaintiff did not authorize, permit or consent to Defendant's copying of its works. *Id.* at 30. As a result of the foregoing, Defendant violated Plaintiff's exclusive [copy]right[s]. *Id.* at 30.

    4. <u>Plaintiff Did Not Need to Plead How It Learned Defendant Was the Subscriber</u>

Defendant sole argument is that Plaintiff needed to plead how it learned Defendant was the subscriber. Defendant did not cite one case for this assertion. Plaintiff pled Defendant was the subscriber of the subject IP Address. *See* Complaint at ¶ 23. There is no requirement that Plaintiff allege that Defendant's ISP identified him as the subscriber. Indeed, an ISP is the only entity that can correlate an IP address to it subscriber, and it is implicit that Defendant's ISP identified Defendant.

    5. <u>Defendant's Ad Hominen Attacks Are Meritless</u>

Instead of citing any cases, Defendant's uses *ad hominen* attacks. *See* Motion at p. 3-5. Defendant hopes its *ad hominen* attacks will cause this Court to ignore or nullify the law. Playground bullies and politics aside, the law was created by Congress who expressed its will that Plaintiff be permitted to prosecute these cases. *See* The Digital Theft Deterrence Act of 1999. To repeat, this case involves a serial infringer who has stolen twenty (20) of Plaintiff's movies and distributed pieces of those movies three hundred and eighty-nine (389) times.

### 6. Defendant's Denials Are Not a Basis To Grant a 12(b)(6) Motion

Defendant denies that he is the infringer, and argues this Court should dismiss the Complaint because: (a) Defendant is currently assigned an IP Address that is different from the one which was used to commit the infringement; and (b) Defendant was out of town when some of the infringement occurred.  First, it is improper to consider either of these allegations; "in ruling on motion to dismiss for failure to state claim, scope of court's review is limited to four corners of complaint, and facts stated in complaint and all reasonable inferences therefrom are taken as true." *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F.Supp.2d 1278 (S.D. Fla. 2005). Second, it is improper to convert the 12(b)(6) motion into a Rule 56 motion pursuant to Rule 12(d).  *See Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) "because the plaintiffs . . . had been afforded no opportunity for discovery, . . . consideration of the defendant's motion for summary judgment was erroneous."  Indeed, the plain language of Rule 56(c) only permits consideration of a motion for summary judgment "after adequate time for discovery."

Moreover, Defendant's factual assertions do not vindicate him.  IP Addresses are routinely assigned to different people.  That is why Plaintiff provides ISPs with the exact time that the infringement occurred.  The ISP then reviews its records to see who it assigned the IP Address at the time of the infringement.  In short, it is of no moment and indeed not surprising that Defendant now has a different IP Address.  What is relevant is that according to Defendant's ISP – Hotwire – Defendant was assigned the IP Address at the time of the infringement.

As for being out of town, Defendant's assertions that he was not at home at the time of infringement, does not utilize BitTorrent software, and is unfamiliar with the copyrighted work are mere denials.  Plaintiff has not been afforded the opportunity to contest these allegations.

The assertion "I was not home at the time of the recorded infringement and therefore could not be the infringer is premised on a fundamental misunderstanding of the way BitTorrent works." As discussed above, BitTorrent continues to distribute data for a particular torrent file until the user commands its BitTorrent Client to stop distributing it. The assertion that he was out of town is inconsistent with Plaintiff's evidence and Plaintiff has the right to conduct discovery on this. This case involves a serial infringer, the most likely suspect of whom is the subscriber.

IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: October 16, 2012

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *M. Keith Lipscomb*