**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No.: 1:12-cv-22768-PAS |
| ) | |
| v. ) | |
| ) | |
| LEO PELIZZO, ) | |
| ) | |
| Defendant. ) | |

**JOINT SCHEDULING REPORT**

The parties, by and through undersigned counsel, pursuant to Fed. R. Civ. P 26(f), Local Rule 16.1, and this Court's Order Requiring Joint Scheduling Report, hereby file the following Joint Proposed Scheduling Report.

**A. A SHORT PLAIN STATEMENT OF THE NATURE OF THE CLAIM AND ANY COUNTERCLAIMS, CROSS-CLAIMS, OR THIRD-PARTY CLAIM, INCLUDING THE AMOUNT OF DAMAGES CLAIMED AND ANY OTHER RELIEF SOUGHT.**

    **a.    Nature of Claims**

This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). Through this suit, Plaintiff alleges Defendant is liable for: Direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501.

    **b.    Counterclaims, Cross-Claims and Third-Party Claims**

There are currently no counterclaims, cross-claims, or third-party claims.

  c. **Amount of Damages**

Plaintiff hereby irrevocably waives its right to recover its actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b); and elects instead to recover statutory damages in the amount of up to $150,000 per work infringed pursuant to 17 U.S.C. § 504-(a) and (c).

  d. **Other relief**

Plaintiff also seeks permanent injunctive relief and the recovery of its attorneys' fees, costs and interest.

**B. BRIEF SUMMARY OF FACTS WHICH ARE UNCONTESTED OR CAN BE STIPULATED TO WITHOUT DISCOVERY**

Defendant has not yet answered and therefore it is premature to ascertain which facts are uncontested or which facts can be stipulated to without discovery. Defendant filed a motion to dismiss.

**C. BRIEF SUMMARY OF ISSUES AS PRESENTLY KNOWN**

The sole issue in this case is whether Defendant distributed the copyrighted work as alleged in the Complaint.

**D. WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR LIMITED TO PARTICULAR ISSUES**

The parties do not suggest that discovery should be conducted in phases or limited to particular issues.

**E. DETAILED SCHEDULE OF DISCOVERY FOR EACH PARTY**

The parties intend to propound: (1) interrogatories, (2) requests for production of documents, and (3) requests for admissions. Plaintiff will then take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories, Defendant's

neighbors, and Hotwire, LLC. To the extent necessary, the parties will then conduct expert discovery on damages.

### F. PROPOSED DEADLINES FOR JOINDER OF OTHER PARTIES AND TO AMEND THE PLEADINGS, TO HEAR MOTIONS AND TO COMPLETE DISOCVERY

**See attached worksheet.**

### G. ESTIMATED LENGTH OF TRIAL AND WHETHER IT IS A JURY OR NON-JURY TRIAL

The parties request that four days be reserved for trial. The trial will be a jury trial.

### H. A LIST OF ALL PENDING MOTIONS

Defendant's Motion to Dismiss [Dkt. 7] currently remains pending before the Court and is ripe for review.

### I. UNIQUE LEGAL OR FACTUAL ASPECTS OF THE CASE REQUIRING SPECIAL CONSIDERATION BY THE COURT

The parties are not aware of any unique legal or factual aspects of the case requiring special consideration by the court.

### J. ANY POTENTIAL NEED FOR REFERENCES TO A SPECIAL MASTER OR MAGISTRATE

The parties are not aware of any potential need for references to a special master or magistrate.

### K. THE STATUS AND LIKELIHOOD OF SETTLEMENT

The parties have engaged in settlement discussions but are presently unable to predict the likelihood of reaching a settlement.

**L.     SUCH OTHER MATTERS AS ARE REQUIRED BY LOCAL RULE 16.1(B) THAT MAY AID THE COURT IN SETTING THE CASE FOR STATUS OR PRETRIAL CONFERENCE AND IN THE FAIR AND EXPEDITIOUS ADMINISTRATION AND DISPOSITION OF THIS ACTION**

**None.**

**M.     RULE 26(a)(1) DISCLOSURES**

Plaintiff has submitted its 26(a) disclosures to Defendant. Defendant has submitted its 26(a) disclosures to Plaintiff.

Respectfully submitted,

| | |
|---|---|
| By: /s/ *M. Keith Lipscomb* | By: /s/ *Francisco J. Ferreiro* |
| M. Keith Lipscomb (429554) | John Cyril Malloy, III (964220) |
| klipscomb@lebfirm.com | jcmalloy@malloylaw.com |
| LIPSCOMB EISENBERG & BAKER, PL | Francisco J. Ferreiro (37464) |
| One Biscayne Tower | fferreiro@malloylaw.com |
| 2 South Biscayne Blvd. | MALLOY & MALLOY, P.A. |
| Penthouse 3800 | 2800 S.W. Third Avenue |
| Miami, FL 33131 | Miami, Florida 33129 |
| Telephone: (786) 431-2228 | Telephone (305) 858-8000 |
| Facsimile: (786) 431-2229 | Facsimile (305) 858-0008 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Leo Pelizzo* |