UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-22768-CIV-SEITZ/SIMONTON

MALIBU MEDIA, LLC,
    Plaintiff,

vs.

LEO PELIZZO,
    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO DISMISS

THIS MATTER comes before the Court on Defendant's Motion to Dismiss the Complaint for Failure to State a Claim [DE-7]. This is an action under federal copyright law wherein plaintiff Mailibu Media LLC ("Plaintiff") alleges that defendant Leo Pelizzo ("Defendant") improperly copied Plaintiff's copyrighted movies and distributed them via the internet without Plaintiff's permission. Defendant disputes the allegations and moves to dismiss Plaintiff's single-count Complaint on the grounds that it is inadequately pled. Plaintiff has responded to the Motion [DE-13] and Defendant has replied [DE-14]. Having carefully reviewed the allegations in the Complaint and the applicable authorities, the Court will deny the Motion because the Complaint adequately states a claim for copyright infringement.

I.     **Factual Allegations**[1]

    A.     <u>Background</u>

Plaintiff, Malibu Media, LLC, is the owner of the copyrights *sub judice*, each of which

---

[1] Unless otherwise noted, the factual background is derived from Plaintiff's Complaint [DE-1] and the exhibits accompanying it, as the Court must accept all factual allegations as true and construe them in the light most favorable to the Plaintiff. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010).

covers an original, ostensibly pornographic, work of authorship complete with a Copyright Registration Number. (See Compl. ¶¶19, 28.) Defendant is purportedly a Florida resident who, according to Internet Service Provider Hotwire Communications, was assigned Internet Protocol address ("IP address") 24.238.22.207.[2] (Compl. ¶¶8-9, Ex. A.) Between January 3, 2012 and May 29, 2012, Defendant copied and distributed, via the BitTorrent protocol, the constituent elements of each of the films identified in Exhibits A and B to the Complaint without permission. (Compl. ¶¶29-30, Ex. B.)

On July 27, 2012, Plaintiff brought this action alleging a single count of copyright infringement. Defendant moves to dismiss the Complaint, arguing that Plaintiff has failed to adequately state a claim for infringement principally because the Complaint sets forth an insufficient basis for identifying Plaintiff as the infringer responsible for using the device assigned IP address 24.238.22.207 during the relevant period.

B.      BitTorrent Protocol

BitTorrent is a modern "peer-to-peer" file sharing tool used for distributing data via the internet. Unlike traditional file transfer protocols that involve a central server and the transfer of whole files between users, the BitTorrent protocol provides a decentralized method of distributing data. BitTorrent breaks an individual file into small pieces that individual users then distribute among themselves. This facilitates faster file transfers than traditional file sharing software that requires users to transfer whole files from a central server. (See Compl. ¶¶10-13.)

The BitTorrent protocol operates as follows. The process begins with one user, the

---

[2] An IP address is a unique number automatically assigned to devices connected to the internet, e.g., a computer, by an Internet Service Provider ("ISP"). (Decl. of Tobias Fieser ¶7) (Compl. Ex. C).

2

"seed" who makes the file available via a BitTorrent client. *Liberty Media Holdings v. Bittorrent Swarm et al.*, 277 F.R.D. 672, 674 (S.D.Fla. 2011). The seed then creates a "torrent" file that contains a road map to the IP addresses of other users who are sharing the file. *Id.* Each piece of the torrent file is assigned a unique cryptographic hash value. (Compl. ¶¶14, 18.) That value acts as a "unique digital fingerprint" that ensures a piece of data belongs in a particular torrent file. (Compl. ¶15.)

Other users, or "peers," then download the torrent file, which allows them to download from other peers who possess pieces of the file. *Id.* All of these peers are part of the same "swarm" because they are downloading pieces of the same file. *Liberty Media Holdings v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 448 (D. Mass. 2011). (*See also* Compl. ¶11.) After downloading a piece of the file, each user automatically becomes a source for this piece. The various members of the swarm continue to exchange pieces with one another. *Id.* Finally, "once a peer has accumulated enough individual pieces of the file, the software allows the peer to reassemble the aggregate file." *Liberty Media Holdings*, 277 F.R.D. at 674.

C.   Plaintiff's Investigation to Identify the Alleged Infringer

Plaintiff alleges that Defendant, without Plaintiff's authorization, intentionally copied and distributed, in a piecemeal fashion, the works listed in Exhibits A and B. (Compl. ¶29.) Defendant purportedly did so via the BitTorrent protocol on various dates between January 23, 2012 and May 5, 2012, although the alleged infringement is not necessarily limited to that time period.

To determine who allegedly infringed its copyrights, Plaintiff retained investigator Tobias Fieser via his employer, IPP Limited ("IPP"). According to a declaration submitted by Mr.

Fieser, Defendant's IP address was discovered using "INTERNATIONAL IPTRACKER v1.2.1 and related technology" that enables "the scanning of peer-to-peer networks for the presence of infringing transactions."[3] (Fieser Decl. ¶14.) The tables contained in Exhibits A and B set forth the "hit dates" (and times) when a device using IP address 24.238.22.207 connected with the investigator's server "and transmitted a full copy, or portion thereof, of a digital media [f]ile identified by the Unique Hash Numbers that correlate to [the copyrighted works at issue]."[4] (Fieser Decl. ¶19; Compl. ¶16.) Based on these hash values and a side-by-side viewing of the downloaded works and original works, the investigator concluded that each piece of data received from IP address 24.238.22.207 was part of a file containing a copy of a movie protected by a copyright at issue here. (Compl. ¶20.)

Using the IP address "plus the date and time of the detected and documented infringing activity," the ISP can use its subscriber log to identify the name, address, billing address, email

---

[3] Notably, these software tools identify a suspected infringer only by IP address, and do not provide identifying information such as names, street addresses, telephone numbers, or email addresses. Apparently, Plaintiff used the IP address as the basis for a subpoena compelling Defendant's ISP to provide the identifying information via a Pure Bill of Discovery proceeding in Florida state court. (Opp'n at 2.) In reply, Defendant contends that this use of Florida discovery "lowered the bar for obtaining pre-trial information." (Reply at 5.) Without citing any authority, Defendant suggests that "the legality of using a state court decision to obtain discovery for a claim over which Federal courts have exclusive jurisdiction is a question that merits additional legal analysis." *Id.* Since Defendant's argument on this point ends there, so does the Court's analysis of it.

[4] Although Plaintiff's Opposition brief cites Exhibit A for the proposition that the investigator recorded 398 instances of a device with IP address 24.238.22.207 distributing twenty different copyrighted films, that exhibit in fact identifies only 14 films and does not provide an IP address. A supplemental exhibit [DE-13-3] accompanying Plaintiff's opposition brief indicates that infringement of these films occurred after this case was filed. Exhibit B is more comprehensive and notes that IP address, but neither that exhibit nor the investigator's declaration identifies 398 instances. The Court expects counsel to make sure that its representations to the Court are accurate and supported by the record.

4

address and phone number of the subscriber using that IP address at the relevant time(s). (Fieser Decl. ¶22.) Neither the Complaint nor the investigator's declaration specifies how Plaintiff identified Mr. Pelizzo as an infringer connected at the relevant times with IP address 24.238.22.207, however.

## II. Legal Standard: Motion To Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## III. Discussion

### A. The Complaint Sufficiently Alleges a Plausible Link Between Defendant and the IP Address Associated With Infringement

To establish copyright infringement, Plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *McCaskill v. Ray*, 279 Fed. Appx. 913, 916 (11th Cir. 2008); *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1540 (11th Cir. 1996); *TracFone Wireless, Inc. v. Technopark Co., Ltd.*, 281 F.R.D. 683, 688 (S.D. Fla. 2012). Defendant does not contend that the Complaint fails to allege these elements. Rather, Defendant argues that the allegations are too speculative and conclusory to adequately allege a plausible copyright infringement claim against an individual person, specifically Defendant. Defendant takes issue with paragraphs 23-24 of the Complaint, in particular:

> As the subscriber of the Internet service being used to distribute Plaintiff's copyrighted movies, Defendant is the *most likely* infringer. Consequently, Plaintiff hereby alleges Defendant is the infringer. . . . Defendant is the only person who can be identified as the infringer *at this time*."

Compl. ¶¶23-24 (emphases added).

Defendant argues that these allegations are insufficient because they do not explain how his condominium unit was associated with the IP address at issue. More specifically, Defendant contends that the allegations are implausible because the Complaint does not specify the times and dates that Defendant was assigned the infringing IP address. Plaintiff has simply alleged that a computer using the IP address assigned to Defendant participated in the alleged infringing activity. Although the Complaint could be clearer (e.g., by defining terms such as "subscriber," and specifically describing the link between the IP address and the individual Defendant), it

references Exhibit A in identifying the IP address at issue as belonging to Defendant, such that it may be fairly read to reference the dates and times contained in the investigator's log submitted as Exhibit A. (*See* Compl. ¶8 ("As set forth in Exhibit A, Defendant's IP address is 24.238.22.207.").)

Defendant also complains that the investigator's declaration does not state that any ISP was contacted nor that the procedure for identifying an IP address described therein was actually followed in this case. Plaintiff responds by arguing that there is no requirement that a plaintiff specifically allege that a defendant's ISP identified him as the subscriber assigned the relevant IP address. As Defendant provides no authority to the contrary, the Court agrees.[5]

B. <u>Defendant's Factual Disputes Are Not Cognizable at This Stage</u>

Defendant also contends that the physical address listed in the Complaint is a 700-unit building with a condominium association that handles all communications with and payments to Internet Service Providers on behalf of individual unit owners. Defendant also claims that the IP address assigned to his unit does not match the one discovered by the investigator. Moreover, Plaintiff provides evidence that he was outside of Florida for all but five days of the investigatory period, when the alleged infringing activity took place. Such evidence might pave the way for an early summary judgment motion, but it cannot form the basis for dismissal at this stage.[6]

---

[5] Defendant's arguments concerning the adequacy of Plaintiff's investigation may be relevant to a later Rule 11 motion, depending on the circumstances, as they are principally arguments about whether Plaintiff's (or Plaintiff's counsel's) inquiry was reasonable under the circumstances.

[6] In support of his Motion, Defendant posits that the shame associated with being a named defendant in an action alleging unlawful downloading of pornography leaves innocent people who wish to avoid embarrassment vulnerable to copyright holders aiming to coerce them into settlements. (Mot. at 3 (citing *Digital Sin, Inc. v. Does 1-76*, 279 F.R.D. 239, 242 (S.D.N.Y.

While the Court acknowledges the potentially embarrassing predicament posed by this action, it must deny Defendant's Motion because, taking the allegations in the light most favorable to Plaintiff, the Complaint adequately states a claim of copyright infringement. Accordingly, it is

ORDERED THAT

(1) Defendant's Motion To Dismiss the Complaint [DE-7] is DENIED; and

(2) Defendant Shall File an Answer to the Complaint by **December 31, 2012.**

DONE and ORDERED in Miami, Florida this 20th day of December, 2012

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record

---

2012).)  To the extent that Defendant seeks a special procedure or rule to protect the privacy of such defendants or otherwise discourage such coercion, such arguments are best directed to the political branches of government.