UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No.: 1:12-cv-22768-PAS |
| v. | ) |
| LEO PELIZZO, | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION TO DISMISS THE CASE WITH PREJUDICE

Plaintiff, Malibu Media, LLC ("Plaintiff"), hereby moves for the entry of an order dismissing the case with prejudice, and states:

Pursuant to Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit, as a result."* *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986). "The Court is charged with preventing prejudice to the defendants that may arise *from the dismissal,* not from the suit having been filed in the first place." *Etute v. Elkins*, CIVA 108-CV-0149-JEC, 2009 WL 728548 (N.D. Ga. Mar. 19, 2009). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *McBride v. JLG Indus., Inc.*, 189 F. App'x 876, 877 (11th Cir. 2006).

Here, Defendant will not face any legal prejudice. Indeed, following the entry of an order dismissing this case with prejudice, Defendant will be deemed the prevailing party. There are no counterclaims. Consequently, there is no possible way Defendant can be harmed by the entry of an order dismissing Plaintiff's claim against him. Despite this obvious fact, Defendant would not stipulate to a dismissal with prejudice. This motion follows.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order dismissing Plaintiff's claims against Defendant Pelizzo with prejudice.

Dated: April 26, 2013

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERRAL

Pursuant to L. R. Civ. P. 7.1(a)(3), undersigned counsel certifies that he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

By: /s/ *M. Keith Lipscomb*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *M. Keith Lipscomb*