| | |
|---|---|
| **From:** | Keith Lipscomb |
| **Sent:** | Tuesday, October 23, 2012 11:59 AM |
| **To:** | Francisco Ferreiro; Emilie Kennedy |
| **Cc:** | Maritza Cabello; Keith Lipscomb |
| **Subject:** | RE: Malibu Media, LLC v. Leo Pelizzo; 5.872.12 |

Francisco,

As discussed, we have evidence that your client's IP address was used to commit 20 infringements.  Further, we connected to your client's IP Address 398 times to record these infringements.  Oddly, the infringements are continuing on the same IP Address which was previously assigned to your client.  That does not make sense to us.  Because, while not impossible, two people assigned the same IP address stealing the same movies would be an unusual coincidence.  The infringement is substantial though.  And, my clients want it to stop.

We discussed the internet resolving to your client's vacation home, and your client being out of town for the bulk of time during which the infringement occurred.   Given that your client was out of town and that the infringement continues after your client was assigned a different IP address, it raises the possibility that there was a correlation error by your client's ISP, Hotwire.  To the best of our knowledge, we have never had an ISP miscorrelate a subscriber  -- but, in this instance we want to investigate.  Toward that end, we plan to serve Hotwire with a subpoena duces tecum for deposition.  Prior to doing so, we need to file a 26(f) report.  In due course, I will prepare both documents and send them to you.

During our conversation, I urged you to advise your client not to spend money on this process.  Presently, we do not intend to pursue this matter past the deposition of Hotwire unless we get confirmation from Hotwire that your client is the correct subscriber.  And, thereafter we will only pursue it if we can explain why infringements occurred when he was out of town.

Best regards,
Keith

1

# EXHIBIT B