## Francisco Ferreiro

| | |
|---|---|
| **From:** | Keith Lipscomb [KLipscomb@LEBFIRM.COM] |
| **Sent:** | Thursday, March 21, 2013 12:18 PM |
| **To:** | Francisco Ferreiro |
| **Cc:** | Alejandra Albuerne; Crystal Sebastian; Maria Elena Chavarria; copyright; John Cyril Malloy III; Maritza Cabello |
| **Subject:** | RE: 1:12-cv-22768-PAS - Malibu Media v. Leo Pelizzo - Hotwire |

Francisco,

I would like to depose Mr. Pelizzo during the first two weeks of April. Please provide me with deposition dates. If you do not, I will unilaterally set it. Also, I am going to make a physical inspection of the port at the applicable building. If you have blackout dates in the second two weeks of April, please advise. Finally, I am going to depose the IT manager at Hotwire. The 30(b)(6) deposition pointed to only one possible error in the identification process. Once I close that loop, our case will be rock solid extremely strong. As you may know, BitTorrent continues to distribute until a user tells affirmatively tells a BitTorrent Client to stop distributing the torrent file so your client being in-and-out of town during the applicable period of time does not undermine the assertion that he is the infringer. The list of infringements against your client is enormous. Respectfully, you should counsel him that when he loses, he will lose everything he owns and owe my clients hundreds of thousands of dollars. Mark these words, your client's decision to reject a walk away will be the worst decision he will ever make.

Crystal,

Please send Francisco our offensive discovery by COB Monday.

Thanks,
Keith

# Francisco Ferreiro

| | |
|---|---|
| **From:** | Keith Lipscomb [KLipscomb@LEBFIRM.COM] |
| **Sent:** | Thursday, March 21, 2013 11:42 AM |
| **To:** | Francisco Ferreiro |
| **Cc:** | Alejandra Albuerne; Crystal Sebastian; Maria Elena Chavarria; copyright; John Cyril Malloy III; Maritza Cabello |
| **Subject:** | RE: 1:12-cv-22768-PAS - Malibu Media v. Leo Pelizzo - Hotwire |

Francisco,

Your offer is rejected. I will see at you trial.

Best regards,
Keith

---

**From:** Francisco Ferreiro [mailto:FFerreiro@malloylaw.com]
**Sent:** Thursday, March 21, 2013 11:27 AM
**To:** Keith Lipscomb
**Cc:** Alejandra Albuerne; Crystal Sebastian; Maria Elena Chavarria; copyright; John Cyril Malloy III; Maritza Cabello
**Subject:** RE: 1:12-cv-22768-PAS - Malibu Media v. Leo Pelizzo - Hotwire

Dear Keith:

As you know, last week's deposition revealed a disconcerting number of holes in the "investigation" that led to our client being identified as the defendant in the above-referenced matter. Specifically, Ms. Murphy testified (1) that Quantum of the Bay is provided with blocks of IP addresses which are then assigned to its 700+ unit owners; (2) that these addresses are kept in a "mixing pot" and may be re-assigned if an internet connection is not utilized for 24 hours; (3) that Hotwire obtains information about individual subscribers from the Quantum of the Bay property manager; (4) that Hotwire makes no effort to confirm the veracity of this information as "individual details are not important"; (5) that the internet port connection associated with an individual unit could be mislabeled; and (6) that Hotwire never made an effort to confirm that the port associated with Mr. Pelizzo's apartment was correctly identified prior to responding to the subpoena. In addition to the foregoing, Ms. Murphy also testified that the IP search itself (1) was conducted by an employee who left the company for unknown reasons over six (6) months ago; and (2) that no documentation is available to corroborate the IP address, date, and/or time inputted in the search query.

The foregoing, coupled with the fact that our client was in Venezuela for the vast majority of period that the alleged infringement occurred, raises serious questions about the evidentiary support relied upon in bringing your complaint. Given the highly embarrassing nature of these claims, it is unlikely that a court would look kindly upon these ambiguities if this action were to continue to move forward. As we are dealing with some rather novel legal issues, these revelations also have the potential to negatively affect the number of other cases your client is currently pursuing.

As you might imagine, our client experienced severe distress and embarrassment as a result of your lawsuit. Therefore, our client has been forced to incur significant legal fees in an effort to defend his name. Consequently, our client's willingness to settle this matter would hinge upon your client's agreement to (1) dismiss this action with prejudice; (2) compensate our client for the legal fees he has incurred, presently in the range of $17,500 in connection with this action; and (3) file a statement with the court that our client was incorrectly identified as downloader of the infringing materials in question.

We believe your client should – given the unique circumstances involved -- find these settlement terms more than reasonable. The foregoing is not a complete statement of settlement terms and, as such, is not an offer than can be accepted without negotiation of a full, written agreement.

Kindest Regards,

Francisco J. Ferreiro

1