UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No.: <u>1:12-cv-22768-PAS</u> |
| v. | ) |
| LEO PELIZZO, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel hereby submits its Motion for Leave to File Sur-Reply to Defendant's, Leo Pelizzo ("Defendant"), Reply in Support of Defendant's Motion for Attorney's Fees and Costs [CM/ECF 49], and states:

1. On July 1, 2013 Defendant filed its Motion for Attorney Fees and Costs [CM/ECF 41].

2. Plaintiff's Response in opposition to Defendant's Motion, which identified several instances of unnecessary work and fraudulent billing by Defense counsel and asserted that awarding Defendant fees would not further the purposes of the Copyright Act, was filed on July 24, 2013. *See* [CM/ECF 47].

3. Defendant's Reply was filed on August 5, 2013. *See* [CM/ECF 49]

4. In Defendant's Reply, instead of fully addressing Plaintiff's arguments regarding his counsel's overbilling, Defendant introduces new theories and arguments, as well as multiple declarations by third-party counsel that attack Plaintiff and undersigned.

5. Plaintiff hereby respectfully requests this Court grant its Motion for Leave to File Sur-Reply so that Plaintiff may properly explain:

- Defendant improperly characterized the Colorado correlation by Comcast as a look-up failure when Comcast had correctly identified the defendant. Further, neither undersigned nor Plaintiff was aware of this particular Comcast correlation.

1

- Requesting that Hotwire correlate multiple dates of infringement would not have cured the error identifying Defendant as the owner of the infringing IP address.
- Defendant's attacks on undersigned and Plaintiff's character do not justify unreasonable billing and awarding Defendant fees would not further the purposes of the Copyright Act.
- Third-party counsel that provided declarations also engage in improper litigation tactics and are biased against Plaintiff and undersigned.

6. Defendant's reply in further support underscores the need for a rule that incentivizes civility and rationality. Indeed, Defendant's reply is based predominately on ad hominem attacks and false and irrelevant facts. Defendant's purpose is to justify his gross overbilling by painting Plaintiff to be in the wrong.

7. Plaintiff should be granted leave to file a sur-reply in order for the Court to have "a full understanding of the arguments of each party." *Innovative Health & Wellness, LLC v. Geico Gen. Ins. Co.*, 08-60796-CIV, 2008 WL 3910979 (S.D. Fla. Aug. 25, 2008). Indeed, without doing so, Defendant's wrongful characterizations that Plaintiff misrepresented facts to this Court will continue without correction.

8. Granting leave is also necessary "to alleviate any potential prejudice to the Plaintiff." *Shenandoah Chiropractic, P.A. v. Nat'l Specialty Ins. Co.*, 526 F. Supp. 2d 1283, 1286 (S.D. Fla. 2007). Further, leave "may be granted when a party raises new issues in a reply." *Trilink Saw Chain, LLC v. Blount, Inc.*, 583 F. Supp. 2d 1293, 1327 (N.D. Ga. 2008); see also *Hammett v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 (S.D. Fla. 2001) (granting leave to file a sur-reply for new arguments and theories). Here, granting leave is necessary for Plaintiff to correct Defendant's new factual errors and defend its character in order to avoid prejudice.

9. Plaintiff respectfully submits that Defendant's grossly excessive and fraudulent overbilling cannot be justified on the basis that Plaintiff or undersigned are unreasonable. Indeed, in this case, the facts speak for themselves and Plaintiff told Defendant from the beginning not to spend any money and that he would be dismissed as soon as Plaintiff took the Hotwire deposition. Plaintiff acted reasonably here. Defendant attempts to bolster his position by relying on irrelevant declarations from biased, unreasonable and ideological third party counsel.

**WHEREFORE,** Plaintiff respectfully requests this Court grant the subject Motion and allow Plaintiff to file its sur-reply, which is attached hereto as Exhibit A.

Dated: August 13, 2013

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd., Suite 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *M. Keith Lipscomb*