UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22768-CIV-SEITZ/SIMONTON

MALIBU MEDIA, LLC,

    Plaintiff,

v.

LEO PELIZZO

    Defendant.

_____/

## ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION, AND CLOSING CASE

THIS MATTER is before the Court upon Defendant's Objections [DE 54] to the Report and Recommendation (R & R) issued by the Honorable Andrea Simonton [DE 53]. In the R & R, Magistrate Judge Simonton recommends granting in part and denying in part Defendant's Motion for Attorney's Fees and Costs [DE 41]. As to the Defendant's claim of right to attorney's fees and costs under the Copyright Act, the R & R concludes that the Defendant is not entitled to recover. [DE 53]. However, with regard to the Defendant's claim of right to attorney's fees and costs pursuant to 28 U.S.C. § 1927, the R & R recommends that Defendant is entitled to recover a partial award. *Id.*

Defendant's objections suggest that the R & R erred in failing to consider certain facts which pertain to the Magistrate's resolution of two of the four *Fogerty*[1] factors used in determining whether Defendant is entitled to attorney's fees and costs pursuant to the Copyright Act. Four of the six objections concern "motivation" while two of the six concern "frivolousness." *Id.* After having reviewed, *de novo*, Magistrate Judge Simonton's R & R, the record, and the Objections, the Court finds that the Magistrate Judge's findings of fact are not clearly erroneous and that the Magistrate

---

[1] *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994).

Judge has correctly applied the law to the facts. Therefore, the Objections are overruled and the Magistrate Judge's R & R is affirmed and adopted.

## I. Factual Background

The underlying action in this case concerns Plaintiff Malibu Media, LLC's copyright infringement complaint alleging Defendant Leo Pelizzo infringed Plaintiff's copyrighted works by use of the peer-to-peer file sharing software BitTorrent. Plaintiff identified the Defendant as the infringer of its copyrighted material by obtaining a subpoena ordering Defendant's Internet Service Provider, Hotwire Communications, to provide the identity of the individual associated with the infringing Internet Protocol address [DE 47-9]. Plaintiff's complaint [DE 6] was met by Defendant's motion to dismiss [DE 7] which was ultimately denied [DE 16].

On March 13, 2013, Plaintiff deposed the Assistant General Counsel of Hotwire Communications who informed Plaintiff that there was a very real possibility that the Internet Protocol address used to infringe Plaintiff's copyrighted works was used by an individual other than the Defendant [DE 38-1]. Thereafter, Plaintiff offered to dismiss the case [DE 47-6]. Defendant, however, would only agree to do so if, among other things, the Plaintiff agreed to pay $17,500 in attorney's fees [DE 47-14]. Plaintiff's Counsel responded to Defendant's counteroffer by informing Defendant that he "will lose everything he owns and owe my clients hundreds of thousands of dollars." [DE 41-2]. The parties attended mediation on April 4, 2013, at which Plaintiff's counsel indicated his intent to dismiss the case [DE 49].

After propounding an offer to pay a portion of Plaintiff's fees to that point in the litigation, which Defendant elected to reject, Plaintiff filed a motion to dismiss its complaint with prejudice [DE 37]. The Court granted the motion and reserved for later any determination of appropriate attorney's fees [DE 40].

## II. Defendant's Objections

Defendant filed six objections to the Magistrate's resolution of his Motion for Attorney's Fees and Costs. Most importantly, it must be noted that many of the objections upon which Defendant now hangs his hat were not raised in his original motion. While these new arguments fail to undermine the Magistrate Judge's R & R, the Court is by no means under an obligation to address the new arguments. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when the argument is not first presented to the magistrate judge."). For the reasons discussed below each objection is overruled.

### *Objection I*

This objection argues that the R & R erred in failing to consider the fact that Plaintiff served Hotwire Communications with a subpoena requesting the name, address, telephone number, and email address of the person assigned the infringing Internet Protocol address 24.238.22.207, but failed to request confirmation that Mr. Pelizzo's account was assigned that address at exactly 5:37 p.m. on February 6, 2012. Though Defendant does not indicate how this fact undermines the R & R, it would presumably go to the Magistrate's resolution of the second of the four *Fogerty* factors, namely "motivation."

Defendant makes general claims throughout his objections that Plaintiff is motivated by the desire to extort settlements out of and funds from innocent internet users who, in order to avoid the embarrassment associated with being accused of infringing adult video content, are willing to pay Plaintiff to go away without regard to the merits of its case. As stated in the R & R and reiterated here, "Defendant has [still] not directed the Court to any evidence that would support even an inference that Plaintiff filed this suit to shame Defendant into a pre-suit settlement." [DE 53]. Accordingly, the objection is overruled.

*Objection II*

Defendant's next objection argues that Plaintiff's failure to attempt a pre-suit resolution of this dispute calls into question Plaintiff's subjective motivation in filing suit. The undersigned, however, agrees that six phone calls to the number provided by the Defendant's Internet Service Provider in response to a subpoena are sufficient to demonstrate a good faith attempt to resolve the dispute without need for litigation. Though Defendant insinuates Plaintiff's attempts were half-hearted at best, Plaintiff has only admitted that it was upon its sixth attempt to contact Defendant that it learned the line had been disconnected. [DE 57 at 7]. The Plaintiff need not avail itself of every form of communication, telephone, electronic mail, certified mail and others, to be regarded as having attempted a pre-suit resolution of the dispute. Accordingly, this objection is overruled.

*Objection III*

Objection III seems to suggest that, again, because Plaintiff did not, in addition to attempting to call Defendant six times, send him electronic or certified mail, the complaint was filed for an improper purpose. As addressed *supra*, Plaintiff's numerous attempts to contact Defendant coupled with other evidence considered in the R & R, are sufficient to indicate that the impetus for filing suit in this case was to protect a valid copyright, albeit of debatable social value. As such, Objection III is overruled.

*Objection IV*

The fourth objection appears to address the first of the *Fogerty* factors, namely "frivolity." *Fogerty*, 510 U.S. at 534 n. 19. Defendant seems to allege that once Plaintiff was provided with passport and visa documentation demonstrating that Mr. Pelizzo had not been in the United States for a range of dates including February 6, 2012, Plaintiff's claims became frivolous. As the R & R makes clear, "Plaintiff would have been well within its rights to test the veracity of Defendant's assertions [and documents] through discovery." [DE 53]. This objection does not in any way undermine the R & R, and thus is overruled.

*Objection V*

Defendant's fifth objection takes issue with the R & R's conclusion that Plaintiff's decision as to the timing of the Assistant General Counsel's deposition "was not the result of foot dragging by Plaintiff's counsel." [DE 54]. Defendant goes on to "note" the timing of the filing of Plaintiff's complaint as evidence of its contention that "Plaintiff is self-servingly manipulating the data upon which it relies." *Id.* Although Defendant believes it "safe to assume" that Plaintiff knew Hotwire Communication's data retention policy and was purposely manipulating it in bad faith, courts of law are not in the business of assuming. The Magistrate Judge's conclusion was based on testimony contained in Plaintiff's Counsel's sworn declaration. No "assumptions" about what Plaintiff knew, without more, can in any way undermine the R & R. Such assumptions are neither safe nor persuasive.

*Objection VI*

Defendant's final objection concerns Plaintiff's methods to detect potential infringers. Specifically, Defendant takes issue with the R & R's conclusion that "the detection methods employed by IPP Limited . . . have been relied upon in hundreds of lawsuits across the country and by law enforcement to locate criminals." [DE 53 at 9]. This conclusion is based upon the affidavit of a twenty-two year veteran of the Palm Beach County Sherriff's Department. Eleven of Officer, and later Detective Paige's years with the Sherriff's Department were spent in the computer crimes unit.

Defendant's attempts to characterize Plaintiff's inquiry as one for a static Internet Protocol address, rather than a dynamic Internet Protocol address are unpersuasive. Plaintiff's subpoena and exhibits attached thereto instructed Hotwire Communications to produce "documents sufficient to identify the true name, telephone number and e-mail address of each person who was assigned one of the IP addresses set forth in Exhibit A" on February 26, 2012 at 5:37 PM. [DE 49-2]. Regardless of

how one characterizes Plaintiff's inquiry, Defendant's account was assigned to the infringing Internet Protocol address on the date specified. Consequently, Defendant's final objection is overruled.

### III. Plaintiff Counsel's Conduct

It appears that Plaintiff's Counsel has accepted this opportunity to improve his approach to conflicts in this and future cases. The Court expects that Counsel's future conduct will exhibit the highest levels of professionalism. If not, he does so at his own peril. Let this case be a learning experience for all involved.

### IV. Conclusion

Having carefully reviewed, *de novo*, Magistrate Judge Simonton's R & R, the record, and the Objections, it is hereby

ORDERED that

(1) All of the Defendant's objections are OVERRULED;

(2) The Report and Recommendation [DE 53] is AFFIRMED and ADOPTED, and incorporated by reference into this Order;

(3) Defendant's Motion for Attorney's Fees [DE 41] is GRANTED IN PART;

(4) Sanctions, in the form of attorney's fees, are awarded to Defendant and against Plaintiff's counsel in the amount of **$6,815.50** pursuant to 28 U.S.C. § 1927;

(5) This case is CLOSED.

DONE and ORDERED in Miami, Florida this 28th day of March, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record
Honorable Andrea Simonton